UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN LEWIS AND GINA SWIFT** | **CIVIL ACTION** |
| **VERSUS** | |
| **COMMISSIONER RACHEL PITCHER MORGAN, ET AL** | **NO. 08-694-A-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, December 19, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN LEWIS AND GINA SWIFT** | **CIVIL ACTION** |
| **VERSUS** | |
| **COMMISSIONER RACHEL PITCHER MORGAN, ET AL** | **NO. 08-694-A-M2** |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

The pro se plaintiffs, Brian Lewis and Gina Swift (collectively "plaintiffs"), filed this suit against various judges and officials of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and the Louisiana Attorney General's Office, alleging that such judges and officials made errors and were biased against them in a case they filed in state court. Following the *Spears* hearing in this Court, it became evident that the relief plaintiffs seek in this matter is to have this Court either review the actions and decisions of the state court officials/judges relative to their state court case and/or to have this Court assume their state court case and have it tried in this forum due to the alleged errors and bias of the named state court officials, neither of which is within this Court's power. Where a plaintiff herein seeks federal review of state court determinations in connection with a state court action, it is beyond the power of the federal court to enjoin the effect of the state court judgments. *Eitel v. Holland*, 787 F.2d 995 (5th Cir. 1987)(quoting *American Furniture Co. v. International Accommodations Supply*, 721 F.2d 478 (5th Cir. 1981)(Federal courts do "not have appellate jurisdiction to review, modify or nullify a final order of a state court,"

1

and a plaintiff may not seek to reverse a state court judgment by bringing a civil rights action in federal court).  If the plaintiffs disagree with the actions and decisions of state court officials/judges relative to their state court case, they have available to them the state court appeals process, through which the correctness and propriety of those actions may be evaluated.[1]

Furthermore, to the extent plaintiffs are seeking to impose liability upon the state court officials/judges for their decisions in the state court case,[2] it is well-established that the state courts and their judges are immune from suit for actions performed in their judicial roles.  *Brewer v. Blackwell*, 692 F.2d 387, 390-91 (5th Cir. 1982).  This immunity shields the courts and judges unless they act in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity.  *Tatum v. Giarruso*, 347 F.Supp.2d 324 (E.D. La. 2004).  A judge's role in the judicial system requires that he or she enjoy "freedom to determine the law unfettered by the threat of collateral attacks" against him or her personally.  *Id.*, quoting *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996).  Moreover, a judge or court does not lose immunity even if the judge was in error, took action maliciously, or acted in excess of his or her authority; immunity is only lost if the judge's action was not a "judicial act" or was "performed in the clear absence of jurisdiction."  *Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995).

---

[1] Additionally, to the extent plaintiffs' claim may be interpreted as seeking an order from this Court compelling the state court judges or other officials to take action in their state court case, this Court lacks jurisdiction to review actions in the nature of a mandamus to compel state officers or employees to perform duties owed to the plaintiff.  *Rothstein v. Montana State Supreme Court*, 537 F.Supp. 177 (D.Mont. 1986); 28 U.S.C. § 1361.

[2] The Court addresses this issue since the state court officials and judges are named as defendants in this action.

The actions of the state court judges that are being challenged by plaintiffs herein are "judicial acts" that were performed by those judges in the context of plaintiffs' state court case,[3] over which such judges appear to have had jurisdiction.[4] Thus, regardless of how erroneous the plaintiffs may believe the judges' decisions to be, or how evil their motives, such judges are shielded from this suit by absolute judicial immunity.[5]

Under 28 U.S.C. §1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Cf.*,

---

[3] To determine whether a challenged action is within a judge's judicial capacity, four factors are to be examined: (1) whether the precise act complained of is a typical judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in her official capacity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). The factors should be broadly construed in favor of immunity. *Id.*

[4] When a court has subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. *Brandley*, at 200.

[5] *See, Krempp v. Dobbs*, 775 F.2d 1319 (5th Cir. 1985)(State court judges possessed absolute immunity with respect to the claims of a father who was dissatisfied with the results of a child custody proceeding, absent allegations that they acted outside their judicial capacities); *Jones v. City of Hammond*, 633 So.2d 674 (La. App. 1 Cir. 1993)(The doctrine of judicial immunity is designed to insulate the judiciary from liability in connection with the performance of their judicial actions, whether such actions are discretionary or ministerial. Where the employees of the City Court of the City of Hammond were performing judicial functions, the City Court was held immune from liability).

*Green v. McKaskle, supra*. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly-filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

For the reasons discussed above, the pleadings filed in this matter fail to show that there is an arguable factual or legal basis for the plaintiffs' claims, and the Court is satisfied that the action is frivolous and fails to state a claim upon which relief may be granted. Accordingly, pursuant to 28 U.S.C. §1915(e), this matter should be dismissed with prejudice.

### **RECOMMENDATION**

For the above reasons, it is recommended that the claims of plaintiffs, Brian Lewis and Gina Swift, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915.

Signed in chambers in Baton Rouge, Louisiana, December 19, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**